Filed 11/13/20  P. v. Kersten CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C090437 |
| Plaintiff and Respondent, | (Super. Ct. No. 17F1635) |
| v. | |
| VICTOR SAGE KERSTEN, | |
| Defendant and Appellant. | |

Defendant Victor Sage Kersten received probation after pleading no contest to several firearm-related offenses.  One of the probation terms requires defendant to make his electronic devices that are capable of communication available for warrantless searches in order to enforce a protective order.  On appeal, defendant challenges this search condition as unreasonable and constitutionally overbroad.  We affirm.

FACTS

J.Y. saw defendant driving on a highway one night and began tailgating him in order to confront him about a threat defendant had made.  M.P., J.Y.'s girlfriend, had told

1

J.Y. that defendant had threatened K.F., M.P.'s friend. After defendant and J.Y. pulled over to the side of the highway, J.Y. went to open his passenger-side door and he heard gunshots. J.Y. drove off and defendant began chasing him; J.Y. heard additional gunshots while trying to evade defendant. Defendant was later arrested and admitted to shooting at J.Y.'s car but claimed he was very scared by J.Y.'s aggressive driving and thought he was going to be shot. Sheriff's deputies recovered bullet fragments from the frame of J.Y.'s vehicle and the passenger-side headrest.

Defendant was charged with premeditated attempted murder, assault with a firearm with a personal use of a firearm enhancement, shooting at an occupied motor vehicle, shooting from a motor vehicle, and two counts of resisting an officer. Defendant pleaded no contest to assault with a deadly weapon, modified from assault with a firearm, that he personally used a firearm to commit the assault, and the two counts of resisting an officer.

The court suspended imposition of defendant's sentence for three years and put defendant on probation for three years. The court also imposed a protective order that prohibited defendant from contacting J.Y., M.P., and K.F., including "electronic, telephonic, or written contact." At the sentencing hearing defendant challenged, for lack of nexus to the offense as well as being overbroad, probation term No. 16, which required he submit to warrantless searches of his property at any time and "provide any password or combination necessary to access any electronic device or service during the warrantless search process." In response to the objection, the court modified term No. 16 to limit it to only assisting in enforcing no contact orders and for devices capable of communication. The modified term No. 16 stated: "That [defendant] submit his person, property, vehicle and residence to warrantless search at any time, with or without probable cause, by any peace officer or probation officer and that he provide any password or combination necessary to access any electronic device *capable of communication* or service during the warrantless search process *for the purpose of*

2

*assisting in enforcing term #11 by probation and law enforcement*." (Italics added.)

Probation term No. 11 mirrored the protective order prohibiting contact "in any manner" with J.Y., M.P., and K.F. Defendant's counsel did not object to the modified probation term No. 16.

## DISCUSSION

Defendant challenges the electronics search condition for being unreasonable and unconstitutionally overbroad. He argues the condition is not tailored carefully to the government's legitimate interest in his rehabilitation.

Challenges to probation conditions ordinarily must be raised in the trial court; if they are not, appellate review of those conditions will be deemed forfeited. (*People v. Welch* (1993) 5 Cal.4th 228, 234-235.) Though defendant objected to the original electronic search term, he did not object to the modified term, so he has forfeited the ability to challenge both the modified probation term No. 16's reasonableness and any claim concerning its constitutionality as applied to him. (*In re Sheena K.* (2007) 40 Cal.4th 875, 889.) However, a defendant who did not object to a probation condition at sentencing may raise a challenge to that condition on appeal if that claim "amount[s] to a 'facial challenge,' " i.e., a challenge that the "phrasing or language . . . is unconstitutionally vague and overbroad" (*id.* at p. 885), that is, a " ' "pure question[] of law that can be resolved without reference to the particular sentencing record developed in the trial court." ' " (*Id.* at p. 889.) Such a claim "does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts . . . ." (*Id.* at p. 885.)

In a facial overbreadth challenge to an electronic search condition, the question is whether the search condition, in the abstract, and not as applied to the particular probationer, is insufficiently narrowly tailored to the state's legitimate interest in reformation and rehabilitation of probationers *in all possible applications*. (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 885.) The answer here is no. Electronic search conditions are

3

not categorically invalid.  (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1128.)  Thus, although application of this search condition could be constitutionally overbroad as applied to certain probationers, in other circumstances it may be entirely appropriate and constitutional.  The criminal offense or defendant's personal history may provide a sufficient basis on which to conclude the condition is a proportional means of deterring future criminality.  (*Id.* at pp. 1128-1129.)  In those cases, the imposition of such probation conditions would be constitutional.  Because there could be circumstances in which such a condition was appropriate, we reject any claim that the electronic search condition is facially overbroad.

DISPOSITION

The judgment is affirmed.


/s/
HOCH, J.



We concur:



/s/
HULL, Acting P. J.



/s/
RENNER, J.